IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY DANIEL PROFFITT,

    Plaintiff,                    No. CIV S-10-2352 JAM GGH P

    vs.

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
et al.                                 ORDER &

    Defendants.           FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the court's order, filed on October 4, 2010, plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

1  <u>Id.</u>

2        In reviewing a complaint under this standard, the court must accept as true the
3 allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.
4 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
5 and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S.Ct.
6 1843 (1969).

7        Plaintiff specifically purports to sue, in an abbreviated and virtually incoherent
8 filing, United States Magistrate Judge Drozd as well as the undersigned, seeking 3.5 billion
9 dollars in damages (plus interest). <u>See</u> Complaint. Plaintiff alleges that Magistrate Judges Drozd
10 and Hollows ignored a letter from an attorney "on recalling a Judge William Gallagher stating
11 when the U.S. District Court releases Jerry Proffitt after this judge found Jerry Proffitt not guilty
12 [sic]." Id. at 1. Plaintiff, in rambling fashion, references the unspecified violation of <u>Miranda</u>
13 rights "and allowing a police officer to use family members as daughter stating she don't lie
14 neither did he [sic]." Id. at 2. He refers to asking for a polygraph and an attorney and avers the
15 use of an unidentified threat from an unnamed person regarding an unspecified event. Id.
16 Plaintiff claims this court was sent a letter proving plaintiff's innocence and apparently showing
17 there had been no police investigation or doctor reports. Id. at 2-3. The only case for which
18 plaintiff provides a case number is <u>Proffitt v. Kernan</u>, CIV-S-04-0966 GEB GGH P. In that case,
19 of which this court takes judicial notice,[1] the undersigned noted that petitioner (plaintiff herein)
20 had failed to file an opposition to the respondent's motion to dismiss (after having been accorded
21 a further opportunity to do so). <u>See</u> Findings and Recommendations, filed on February 10, 2005,
22 CIV-S-04-0966 GEB GGH P. The undersigned in finding that petitioner should be found to have
23 waived opposition also reviewed the motion and found that the motion should be granted on the
24 ground that the petition contained unexhausted claims but specifically made no finding as to

---

[1] Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126 (1981).

respondent's argument that the petition was barred by the statute of limitations. See id. The findings and recommendations were adopted by District Judge Burrell. See Order, filed on March 7, 2005, CIV-S-04-0966 GEB GGH P. In the other case plaintiff references, entitled Profitt v. Campbell, the court has determined the case no. to be CIV-S-06-2143 GEB GGH P, of which the court again takes judicial notice. That petition was re-assigned from District Judge Karlton and Magistrate Judge Drozd to District Judge Burrell and the undersigned, pursuant to then-Local Rule 81-190. See Order, filed on October 13, 2006, CIV-S-06-2143 GEB GGH P.[2] In that case, respondent's motion to dismiss as time-barred was granted and the case was dismissed with prejudice. See Order, filed on September 27, 2007, CIV-S-06-2143 GEB GGH P. In footnote 2 to the August 6, 2007 Findings and Recommendations in that case, the undersigned observed the following:

> Petitioner has filed an inordinate number of requests and "motions," more than eighty-five (85), up to five filings on the same day, many of which are not related to the conviction that is at issue herein; for example, on December 14, 2006, plaintiff filed a "motion to grant court order" which references a civil complaint wherein he seeks money damages for alleged misconduct on the part of unnamed prison officials in failing to protect him in 2002. On the same day, petitioner filed a "motion for court order," regarding an alleged delay by unnamed Mule Creek State Prison officers in transporting him for treatment of an unspecified medical condition. Filings of December 14, 2006 and December 26, 2006. A number of his repetitive requests contain multiple case numbers in the case caption and/or a number of filings and concern his desire to have the Redding Police Department produce video and audiotapes from May, 2001, to be allowed to take depositions, to be allowed to see his children, to be transferred to Sacramento County Jail, for a grand jury hearing or inquest. See, e.g., filings of November 15, 2006, November 21, 2006, November 29, 2006, December 15, 2006, December 18, 2006, December 26, 2006, December 27, 2006, January 5, 2007, January 23, 2007, March 22, 2007. Petitioner seeks money damages from his counsel for his alleged failings in representing him at the plea/conviction stage, from the [Redding] police department and from the Shasta County District Attorney's Office, etc., that is, apparently from anyone

---

[2] Therefore, it would appear on the face of it that Judge Drozd made no ruling whatsoever on that case and plaintiff does not have even the most remote prima facie basis upon which to sue him.

who was involved in the investigation of the crimes to which he pled guilty, his prosecution, his conviction, and his subsequent incarceration. "Motion for Court Order," filed on December 15, 2006. As noted earlier, on February 27, 2007, petitioner also filed a purported amended petition, which makes allegations of inadequate medical care and would be appropriate only in the context of an action pursuant to 42 U.S.C. § 1983. Petitioner's superfluous and inapposite filings will be disregarded.

In any event, plaintiff's claims herein are wholly frivolous and to the extent that plaintiff accuses two judges of wrongdoing, not only does he fail to state any viable claim, he in no way implicates either judge for any action outside the scope of his judicial duty. It appears that plaintiff is seeking to improperly revive a habeas corpus petition. In any case, the complaint must be dismissed because plaintiff fails to articulate a claim in compliance with Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). A judge's jurisdiction is quite broad. The two-part test of Stump v. Sparkman determines its scope:

> The relevant cases demonstrates that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Normally, when a judge is sued, and is also assigned to the case, the required action is to simply recuse oneself and have another judge decide the matter. 28 U.S.C. § 455(b)(5)(I). Indeed, the statutory section heading provides that the judge "shall disqualify himself." However, when litigants sue multiple judges, and use the court only for spite purposes naming whomever they please, especially highly placed government officials and judges, for whatever preposterous allegations they determine to allege, an assigned, but sued judge, has the

duty to say, "enough is enough." The Supreme Court has recognized that although the use of "shall" in a statute is normally mandatory, there will be situations where "practical necessity" permits the use of discretion even in the presence of a "shall." Town of Castle Rock, Colo. v. Gonzalez, 545 U.S. 748, 761-62, 125 S.Ct. 2796, 2806 (2005): even where a statute commands that a person "shall be arrested," practical necessity permits the use of discretion. The present situation demonstrates that if courts are not simply to be abused on the whim of litigants, a judge has discretion not to recuse when the facts of the situation allow for no other conclusion than that the courts are being abused. Any other ruling permits ever expansive suits against judges where the judge in the present proceeding is added to the next lawsuit for spite purposes, and so on and so on. This action, and others filed by plaintiff Profitt have that very real potential. The recusal statutes do not have to be applied to their illogical extreme. United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks].")

Plaintiff has declined the jurisdiction of the undersigned and apparently (and inappropriately) seeks for his case to be assigned to a district judge in the Fresno Division. See docket # 3. Plaintiff, however, is not free to file a frivolous action and then base a motion (or, as in this case, a skimpy and unsupported request) for disqualification on such an action. United States v. Studley, 783 F.2d at 939-40. "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted). Indeed, even when the judge is initially named in a lawsuit, where the allegations are so palpably lacking in merit and integrity, the judge may, and should, remain in the case to deal with the spiteful plaintiff. Davis v. Kvalheim, 2007 WL 1602369 (M.D.Fla. 2007) (citing cases).

This complaint should also be dismissed on the separate ground that the court has no jurisdiction over claims which are so palpably frivolous. See Bell v. Hood, 327 U.S. 678, 682-83 (1946) (finding that unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction). A federal claim which is so

6

1  insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction.  See
2  Hagans v. Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

3        Because the undersigned finds the complaint should be summarily dismissed with
4  prejudice as patently frivolous, plaintiff should not be permitted to leave to amend.  "Liberality in
5  granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause
6  undue prejudice to the defendant, is not sought in bad faith, and is not futile.'"  Thornton v.
7  McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198
8  F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district courts are only required to
9  grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave
10 to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.
11 2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th
12 Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should
13 grant leave to amend even if no request to amend the pleading was made, unless it determines
14 that the pleading could not be cured by the allegation of other facts."). Lopez v. Smith, 203 F.3d
15 at 1124 ("[A] district court retains its discretion over the terms of a dismissal for failure to state a
16 claim, including whether to make the dismissal with or without leave to amend.")  In this case,
17 the court can discern no manner in which plaintiff could cure the defects of his allegations.  This
18 appears to be one of those relatively rare cases when to grant plaintiff further leave to amend
19 would be patently futile.

20       In accordance with the above, IT IS HEREBY ORDERED that:
21       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
22       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
23 The fee shall be collected and paid in accordance with this court's order to the Director of the
24 California Department of Corrections and Rehabilitation filed concurrently herewith.
25 /////
26 /////

1       IT IS HEREBY RECOMMENDED that this complaint be summarily dismissed
2 with prejudice.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
5 days after being served with these findings and recommendations, plaintiff may file written
6 objections with the court.  Such a document should be captioned "Objections to Magistrate
7 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2010           /s/ Gregory G. Hollows

                                      UNITED STATES MAGISTRATE JUDGE

GGH:009
prof2352.ofr