IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRY DANIEL PROFFITT,

    Plaintiff,      No. CIV S-10-2352 JAM GGH P

    vs.

UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
et al.,

    Defendants.      ORDER

/

Plaintiff, a state prisoner proceeding in forma pauperis, sought relief pursuant to 42 U.S.C. § 1983. This case was summarily dismissed with prejudice on March 3, 2011, and judgment thereon entered. Although the notice of appeal has been docketed in the court's electronic case docket as filed on April 25, 2011, it could be deemed timely pursuant to the mailbox rule, despite the apparently lengthy delay in this court's receipt of the notice, as plaintiff dated the notice as having been filed on March 29, 2011.[1]

\\\\

---

[1] Pursuant to Fed. R. App. P. 4(a), petitioner has thirty days to file a notice of appeal; see Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners"). In addition, plaintiff was re-served, in light of a change of address notice, with the judgment and order adopting findings and recommendations on March 28, 2011.

1

By a referral notice, entered in this court's docket on May 13, 2011, but dated as filed on May 12, 2011, the Ninth Circuit referred this matter to the district court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. " Docket # 21.   The Court of Appeals cites 28 U.S.C. § 1915(a)(3) and Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). Id.   Section 1915(a)(3) states:"[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Hooker is referenced for the principle that "revocation of []forma pauperis status is appropriate where district court finds the appeal to be frivolous." [2]  Id.  The Court of Appeals requested notification of this court's determination within 21 days whether in forma pauperis status should be revoked on appeal, failing which plaintiff/appellant's in forma pauperis status would be continued automatically.  Id., citing Fed. R. App. P. 24(a).  After review of the record herein, the court finds that plaintiff's appeal is not taken in good faith, this case, as previously noted, having been summarily dismissed with prejudice.   The reasons for summary dismissal with prejudice are set forth in the Findings and Recommendations, filed on December 8, 2010 (docket # 9).

In accordance with the above, IT IS HEREBY ORDERED that, pursuant to the Ninth Circuit's referral notice, filed on May 12, 2011 (docket # 21), plaintiff's in forma pauperis status is revoked on appeal.  See Fed. R. App. P. 24(a)(3)(A).

DATED:   June 13, 2011

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE

---

[2] In Hooker, the Ninth Circuit held that plaintiff/appellant was entitled to in forma pauperis status for the entire appeal because the district court had found portions of the appeal were taken in good faith.  302 F.3d at 1092.